UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SUSAN GIBBENS**                                                            **CIVIL ACTION**

**VERSUS**                                                                            **NO: 11-0868**

**CHAMPION INDUSTRIES, INC.**                                  **SECTION: "C" (4)**

## ORDER

Before the Court is **Plaintiff's Motion for Expedited Hearing (R. Doc. 27)**, filed by Plaintiff Susan Gibbens ("Gibbens"), seeking expedited consideration of her **Motion to Compel Defendant's Discovery Responses and for Sanctions (R. Doc. 26)**.[1] Defendant Champion Industries, Inc. ("Champion") opposes the motion to compel. (R. Doc. 29.)

In support of her motion for expedited hearing, Gibbens argues that expedited hearing is necessary so that her motion to compel can be decided before Champion's Motion for Partial Dismissal and Alternatively for Partial Judgment on the Pleadings (R. Doc. 24), which is noticed for submission on the same date. She contends that the Court's determination of her motion to compel "could be dispositive" of Champion's pending motion.

In support of her motion to compel, Gibbens argues that Champion's responses to her first set of interrogatories, requests for production of documents, and requests for admission are deficient.

The Local Rules of the U.S. District Court for the Eastern District of Louisiana provide, "[i]f the motion requires consideration of facts not in the record, the movant *must also file* and serve

---

[1] Gibbens' motion to compel is currently noticed for submission on July 18, 2012. (R. Doc. 26-3.)

upon opposing counsel a copy of all evidence supporting the motion.  L.R. 7.4 (emphasis added).

Here, Gibbens seeks an order from this Court requiring Champion to respond to and/or supplement its discovery responses.  While she provided the Court with a copy of her discovery requests, as well as correspondence between counsel for both parties regarding Champion's discovery responses, she failed to provide the Court with a copy of Champion's responses.  Thus, the Court is unable to determine the sufficiency of Champion's discovery responses.  Further, Gibbens' motion to compel does not comply with Local Rule 7.4.

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Expedited Hearing (R. Doc. 27)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Gibbens' **Motion to Compel Defendant's Discovery Responses and for Sanctions (R. Doc. 26)** is **DENIED**.

New Orleans, Louisiana, this 16th day of July 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**