UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSAN GIBBENS                                                    CIVIL ACTION

VERSUS                                                                  NO. 11-868

CHAMPION INDUSTRIES, INC.                              SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment on contract formation filed by the defendant, Champion Industries, Inc. ("Champion"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be denied for the following reasons.

In this diversity action, the plaintiff, Susan Gibbens ("Gibbens"), seeks recovery of commissions allegedly owed by the defendant. This motion is focused in large part on a November 9-10, 2006, email exchange with Doug McElwain ("McElwain"), who was division manager of Bourque Printing, ("Bourque"), which had been acquired by the defendant, in Baton Rouge from 2006 to 2011. Rec. Doc. 41-6 at 4, 7. Gibbens was assigned to work at Bourque after Hurricane Katrina. In that email exchange, Gibbens asked McElwain for confirmation "that we split the net profit 50/50 if it's printed in Baton Rouge and 60/40 if it's printed anywhere else." McElwain responded that Gibbens should

contact corporate for the answer to her questions about how commissions are calculated. The next day, Gibbens again emailed McElwain: "My question to you is more general. At the beginning of the year when you switched me from my old commission formula to the Bourque system at one point you said the split as 50/50 for jobs printed in Baton Rouge and 64/36 for sublet jobs and at another time I have written down that the sublet is 60/40. I just need to know which it is so that I'm using the right formula on my spreadsheet."  Rec. Doc. 41-4.  This time, McElwain responded "You make 36% on anything that is sublet. The 18% pack is for the warehouse operating expense and should be treated separately." Rec. Doc. 41-4.  In this motion, the defendant argues the plaintiff can not establish the consent, cause or capacity required for her claim.

    First, the defendant argues that McElwain was not responsible for setting Gibbens' commission and that no agreement for the presumably higher commission rate exists in these emails because because McElwain initially advised Gibbens to address her concerns to the corporate office and because the emails do not entail all of the contract prerequisites for a contractual "offer and acceptance."  Rec. Doc. 41-3 at 8-11.[1]  The plaintiff argues that the email is merely evidence of a modification of her agreement made by McElwain when

---

[1] The defendant also argues both that any contract between is controlled by the "four corners" of the email, yet argues for consideration of deposition testimony.  Rec. Doc. 41-3.

he became her supervisor.  Rec. Doc. 46 at 18.

The Court finds that the defendant's showing misses the mark for summary judgment.  This email exchange is one piece that indicates that the commission rate was modified by McElwain when Gibbens was transferred under his supervision.  Not only is there other evidence to that effect, but as a whole, the evidence does not establish that there was no modification as a matter of law.

Again assuming that the email exchange is itself a contract instead of evidence that the plaintiffs' commission rate was modified by McElwain at an earlier time, the defendant next argues that cause is lacking at the time of the exchange, based on McElwain's deposition testimony that he did not intend to modify her commission percentage "through email or otherwise" and did have authority to do so.  Rec. Doc. 41-3 at 12.   The Court is not persuaded by this argument since there is no showing that the actual commission rate is higher or lower than her previous rate, and, in any event,  Gibbens' ongoing employment with the defendant as a source of cause for any increase has not been considered by the defendant.

Finally, the defendant argues that McElwain lacked actual capacity to enter into a contract to increase Gibbens' commission percentage.  This argument is based on McElwain's deposition testimony to that effect, which certainly constitutes relevant evidence, but does not constitute an undisputed fact given the other evidence offered by

the plaintiff in opposition.    The defendant also argues that apparent authority is lacking because "there has been no suggestion that Champion's officers ever told Gibbens that McElwain had the authority to give her raises or determine her commissions" and that any reliance on the part of Gibbens would have been unreasonable as a matter of law because Gibbens was advised in November 2006 by McElwain to direct her questions regarding commissions to the corporate office.   Rec. Doc. 41-3 at 13-14.    This argument also ignores the fact that the plaintiff's claims are based on representations made by McElwain upon her transfer to his supervision, not at the time of the email exchange.

In denying summary judgment, the Court recognizes that facts have been developed that lend support to the defense in this matter.   Basic fact issues remain for trial, unless the parties undertake meaningful settlement discussions.  The Court urges that the parties reconsider settlement of this dispute.

Accordingly,

IT IS ORDERED that the  motion for summary judgment on contract formation filed by the defendant, Champion Industries, Inc. is DENIED.  Rec. Doc. 41.

New  Orleans, Louisiana, this 12th   day of September, 2012.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT