UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN GIBBENS | CIVIL ACTION |
| VERSUS | NO. 11-868 |
| CHAMPION INDUSTRIES, INC. | SECTION "C" (4) |

<u>ORDER AND REASONS</u>

IT IS ORDERED that:

I.      The defendant's motion in limine and supplemental motion in limine are

PARTIALLY GRANTED, PARTIALLY DENIED and PARTIALLY DISMISSED as

moot as follows:

A.      The defendant's objections to Exhs. 81, 85, 88 & 89 are DISMISSED as

moot by virtue of the order striking same.  Rec. Doc. 97.  In addition, the

Court finds that the plaintiff provides no explanation as to how the

amounts contained in the exhibits were reached, has not shown that the

summaries are accurate, reliable or trustworthy for purposes of Fed. R.

Evid. 1006 and, in any event, the probative value is substantially

outweighed by a danger of unfair prejudice, confusing the issues, and

misleading the jury for purposes of Fed. R. Evid. 403.

B.      The defendant's objections to Exhs. 89, 91 & 92 are DISMISSED as moot
due to the plaintiff's concession that the exhibits are not relevant.  Rec.
Doc. 93.

C.      The defendant's objection to Rec. Docs. 80, consisting of a single paper, is
SUSTAINED as to that portion of the email containing the plaintiff's
summary sheet(s) and/or amounts, and shall be excised to reflect this
ruling for trial. The Court finds that the plaintiff provides no explanation
as to how the amounts contained in the exhibit were reached, has not
shown that the summaries are accurate, reliable or trustworthy for
purposes of Fed. R. Evid. 1006 and, in any event, the probative value is
substantially outweighed by a danger of unfair prejudice, confusing the
issues, and misleading the jury for purposes of Fed. R. Evid. 403.

D.      The defendant's objection to Exh. 82 is OVERRULED.  The jury will decide
at trial whether the amounts reflected in the exhibit are prescribed.

E.      The defendant's objection to Exh. 83  is OVERRULED.  The jury will
decide at trial whether the amounts reflected in the exhibit are prescribed.

F.      The defendant's objection to Exh. 84,  consisting of a single paper, is
SUSTAINED as to that portion of the email containing the summary

2

sheet(s) and/or amounts and otherwise OVERRULED.  The plaintiff shall

substitute this exhibit with one excised by the plaintiff to reflect this ruling

prior to trial.   The Court finds that the plaintiff provides no explanation as

to how the amounts contained on the exhibit were reached, has not shown

that the plaintiff's summaries are accurate, reliable or trustworthy for

purposes of Fed. R. Evid. 1006 and, in any event, the probative value is

substantially outweighed by a danger of unfair prejudice, confusing the

issues, and misleading the jury for purposes of Fed. R. Evid. 403.

G.    The defendant's objection to Exh. 86 is OVERRULED.  This exhibit is a

single paper containing no summary information.

H.    The defendant's objection to Exh. 87 is OVERRULED.

I.    The defendant's objection to Exh. 90 is OVERRULED.  This exhibit is a

single paper containing no summary information.

J.    The defendant's objection to Exh. 93 is OVERRULED.  This exhibit is a

single paper containing no summary information.

K.    The defendant's objection to Exh. 94,  consisting of a single paper, is

SUSTAINED as to that portion of the email containing the plaintiff's

summary sheet(s) and/or amounts and otherwise OVERRULED.  The

plaintiff shall substitute this exhibit with one excised by the plaintiff to reflect this ruling prior to trial. The Court finds that the plaintiff provides no explanation as to how the amounts contained on the exhibit were reached, has not shown that the plaintiff's summaries are accurate, reliable or trustworthy for purposes of Fed. R. Evid. 1006 and, in any event, the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury for purposes of Fed. R. Evid. 403.

L.    The defendant's objection to Exh. 95 is SUSTAINED.  The plaintiff has not provided all of the information upon which this summary was allegedly drawn and has not shown that the plaintiff's summaries are accurate, reliable or trustworthy for purposes of Fed. R. Evid. 1006 and, in any event, the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury for purposes of Fed. R. Evid. 403.

M.    The defendant's objection to Exh. 96 is OVERRULED.

N.    The defendant's objection to Exh. 97 is OVERRULED, provided that the exhibit is properly authenticated.

4

O.    The defendant's objection to Exh. 98 is  OVERRULED.  The jury will

decide at trial whether the amounts reflected in the exhibit are prescribed.

P.    The defendant's objection to Exh. 99 is SUSTAINED.  The Court can not

find any reference to the "system transfer" in this exhibit.

Q.    The defendant's objection to Exh. 100 is SUSTAINED.   The probative

value is substantially outweighed by a danger of unfair prejudice,

confusing the issues, and misleading the jury for purposes of Fed. R. Evid.

403.

R.    The defendant's objections to Exhs. 123-129 are SUSTAINED.  The Court

finds that the exhibits are untimely; the reference to demonstrative

evidence in the pre-trial order specifically provides that such objects are

"not to be offered in evidence."  Rec. Doc. 19-1 at 6.  In addition, the

plaintiff provides no explanation as to how the amounts contained in the

exhibits were reached, has not shown that the summaries are accurate,

reliable or trustworthy for purposes of Fed. R. Evid. 1006 and, in any

event, their probative value is substantially outweighed by a danger of

unfair prejudice, confusing the issues, and misleading the jury for

purposes of Fed. R. Evid. 403.

5

      S.       The defendant's objection to Exh. 130 is DISMISSED as moot.  There is no Exh. 130 contained in the Bench Book provided to the Court.

Rec. Docs. 65, 83.

II.      The plaintiff's objections to Exhs. 102-107 are SUSTAINED.  The depositions themselves are not admissible as evidence.

III.      The plaintiff's objection to Exh. 108 is OVERRULED.

IV.      The plaintiff's objections to Exhs. 120-121 are DISMISSED as moot.  It appears that the defendant has withdrawn the exhibits.

V.      There is no objection to Exh. 54.

VI.      The defendant's motion in limine to exclude evidence and testimony related to Gibbens' new and unpled inflammatory allegations is GRANTED.  Rec. Doc. 86.

New  Orleans, Louisiana, this 8th  day of October, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT