UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN GIBBENS | CIVIL ACTION |
| VERSUS | NO. 11-868 |
| CHAMPION INDUSTRIES, INC. | SECTION "C" (4) |

ORDER AND REASONS

IT IS ORDERED that:

I. The defendant's motion in limine and supplemental motion in limine are PARTIALLY GRANTED, PARTIALLY DENIED and PARTIALLY DISMISSED as moot as follows:

A. The defendant's objections to Exhs. 81, 85, 88 & 89 are DISMISSED as moot by virtue of the order striking same. Rec. Doc. 97. In addition, the Court finds that the plaintiff provides no explanation as to how the amounts contained in the exhibits were reached, has not shown that the summaries are accurate, reliable or trustworthy for purposes of Fed. R. Evid. 1006 and, in any event, the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury for purposes of Fed. R. Evid. 403.

B. The defendant's objections to Exhs. 89, 91 & 92 are DISMISSED as moot due to the plaintiff's concession that the exhibits are not relevant. Rec. Doc. 93.

C. The defendant's objection to Rec. Docs. 80, consisting of a single paper, is SUSTAINED as to that portion of the email containing the plaintiff's summary sheet(s) and/or amounts, and shall be excised to reflect this ruling for trial. The Court finds that the plaintiff provides no explanation as to how the amounts contained in the exhibit were reached, has not shown that the summaries are accurate, reliable or trustworthy for purposes of Fed. R. Evid. 1006 and, in any event, the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury for purposes of Fed. R. Evid. 403.

D. The defendant's objection to Exh. 82 is OVERRULED. The jury will decide at trial whether the amounts reflected in the exhibit are prescribed.

E. The defendant's objection to Exh. 83 is OVERRULED. The jury will decide at trial whether the amounts reflected in the exhibit are prescribed.

F. The defendant's objection to Exh. 84, consisting of a single paper, is SUSTAINED as to that portion of the email containing the summary

sheet(s) and/or amounts and otherwise OVERRULED.  The plaintiff shall substitute this exhibit with one excised by the plaintiff to reflect this ruling prior to trial.   The Court finds that the plaintiff provides no explanation as to how the amounts contained on the exhibit were reached, has not shown that the plaintiff's summaries are accurate, reliable or trustworthy for purposes of Fed. R. Evid. 1006 and, in any event, the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury for purposes of Fed. R. Evid. 403.

G. The defendant's objection to Exh. 86 is OVERRULED.  This exhibit is a single paper containing no summary information.

H. The defendant's objection to Exh. 87 is OVERRULED.

I. The defendant's objection to Exh. 90 is OVERRULED.  This exhibit is a single paper containing no summary information.

J. The defendant's objection to Exh. 93 is OVERRULED.  This exhibit is a single paper containing no summary information.

K. The defendant's objection to Exh. 94, consisting of a single paper, is SUSTAINED as to that portion of the email containing the plaintiff's summary sheet(s) and/or amounts and otherwise OVERRULED.  The

plaintiff shall substitute this exhibit with one excised by the plaintiff to reflect this ruling prior to trial. The Court finds that the plaintiff provides no explanation as to how the amounts contained on the exhibit were reached, has not shown that the plaintiff's summaries are accurate, reliable or trustworthy for purposes of Fed. R. Evid. 1006 and, in any event, the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury for purposes of Fed. R. Evid. 403.

L. The defendant's objection to Exh. 95 is SUSTAINED. The plaintiff has not provided all of the information upon which this summary was allegedly drawn and has not shown that the plaintiff's summaries are accurate, reliable or trustworthy for purposes of Fed. R. Evid. 1006 and, in any event, the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury for purposes of Fed. R. Evid. 403.

M. The defendant's objection to Exh. 96 is OVERRULED.

N. The defendant's objection to Exh. 97 is OVERRULED, provided that the exhibit is properly authenticated.

O. The defendant's objection to Exh. 98 is OVERRULED. The jury will decide at trial whether the amounts reflected in the exhibit are prescribed.

P. The defendant's objection to Exh. 99 is SUSTAINED. The Court can not find any reference to the "system transfer" in this exhibit.

Q. The defendant's objection to Exh. 100 is SUSTAINED. The probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury for purposes of Fed. R. Evid. 403.

R. The defendant's objections to Exhs. 123-129 are SUSTAINED. The Court finds that the exhibits are untimely; the reference to demonstrative evidence in the pre-trial order specifically provides that such objects are "not to be offered in evidence." Rec. Doc. 19-1 at 6. In addition, the plaintiff provides no explanation as to how the amounts contained in the exhibits were reached, has not shown that the summaries are accurate, reliable or trustworthy for purposes of Fed. R. Evid. 1006 and, in any event, their probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury for purposes of Fed. R. Evid. 403.

S. The defendant's objection to Exh. 130 is DISMISSED as moot. There is no Exh. 130 contained in the Bench Book provided to the Court.

Rec. Docs. 65, 83.

II. The plaintiff's objections to Exhs. 102-107 are SUSTAINED. The depositions themselves are not admissible as evidence.

III. The plaintiff's objection to Exh. 108 is OVERRULED.

IV. The plaintiff's objections to Exhs. 120-121 are DISMISSED as moot. It appears that the defendant has withdrawn the exhibits.

V. There is no objection to Exh. 54.

VI. The defendant's motion in limine to exclude evidence and testimony related to Gibbens' new and unpled inflammatory allegations is GRANTED. Rec. Doc. 86.

New Orleans, Louisiana, this 8th day of October, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT