UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUSAN GIBBENS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-0868** |
| **CHAMPION INDUSTRIES, INC.** | **SECTION: "C" (4)** |

### ORDER

Before the Court is Defendant, Champion Industries, Inc.'s, ("Champion") **Motion to Strike Gibbens' Second Request for Production of Documents (R. Doc. 120)**, seeking an Order from the Court striking the second document production requested propounded upon Champion by Plaintiff, Susan Gibbens', ("Gibbens"). The motion is opposed (R. Doc. 123). The motion was heard by oral argument on December 19, 2012.

**I.    Background**

    **A.    Gibbens' Complaint**

This is an employment dispute pertaining to the payment of commissions. Gibbens, a professional salesperson, alleges that she began working at a printing company, Uptown Printing, ("Uptown") in 1995. At some point thereafter, Defendant Champion Industries ("Champion") bought Uptown. (R. Doc. 6, p. 2). In early 2006, Gibbens alleges that Champion changed its commission calculation formula, which Gibbens construed as allowing for 50% commissions on sales for "jobs printed in Baton Rogue," and 36% for "sublet jobs." *Id.* Gibbens argues that this arrangement was confirmed in writing by senior vice-president for Champion, Doug McElwin ("McElwin"). *Id.*

McElwin allegedly communicated the terms of the contract in an email. *Id.*

Gibbens argues that the email exchange constitutes an enforceable contract. Under Article 1927 of the Louisiana Civil Code, and under its terms Champion has underpaid Gibbens by $1,459,266.58 between November 9, 2006 and "the second quarter of 2010." *Id.* Gibbens has brought suit for, *inter alia*, breach of contract, as well as for future unpaid commissions, costs and legal interest, "in an amount to be determined as just under the circumstances." *Id.* at 4. She also requests "all other statutory remedies available." *Id.*

### B. October 30, 2012 Order

On October 30, 2012, after trial in this case was continued,[1] the presiding U.S. District Court Judge entered an Order in connection with Champion's motion to stay discovery and other pre-trial activity. (R. Doc. 118). The Court stated that "the plaintiff . . . continues to fail to show good cause for the lack of preparedness that resulted in the trial continuance." (R. Doc. 118, p. 2). The Court also "remain[ed] very disturbed by the variations in [Gibbens'] position regarding her claims and amounts allegedly owed in this lawsuit." *Id.* The Court noted that Gibbens had submitted an outline of her damage calculation; the Court, after making the letter part of the record, stated that "[a]t this time, [Gibbens] will be held to the methodology and amounts set forth in that letter as to the damages sought, based on the evidence that would have been admissible at the previously-set trial."

The Court remarked that "this is the rare case where the inability of the plaintiff to adequately prepare her case for trial has caused actual prejudice and delay to the defendant." *Id.* The Court then stated that "[a] stay of discovery is warranted unless a <u>clear</u> showing of good cause is established." *Id.* at 3 (emphasis in original). The Court also ordered that "the plaintiff's request for production of

---

[1] The trial was originally scheduled to take place on April 23, 2012 (R. Doc. 10), and was then continued until October 9, 2012 (R. Doc. 19). The letter, an undated communication from Gibbens' attorney to the Court copying Champion's attorney, indicates that contrary to Champion's assertions that Gibbens was entitled to only 11% commissions, she should have been compensated on the "36/50" scheme described above. (R. Doc. 118-1, p. 2).

2

documents . . . should be presented by motion" to the undersigned. *Id.* at 3.

On November 7, 2012, Gibbens propounded three discovery requests upon Champion, which were as follows:

> **REQUEST NO. 1:**
> Please produce Fox Pro sales records for Gibbens for the months of Jan-May 2006.
>
> **REQUEST NO. 2:**
> Please produce documents showing Gibbens' "write-offs" (uncollectable debt) and "credit memos" (returns and mistakes) for quarters 1-3 of 2006.[]
>
> **REQUEST NO. 3:**
> Please produce documents showing reduction in Gibbens' commissions on account of the 1% monthly interest she was charged by Champion for unpaid invoices aged over 90 days.[] Plaintiff requires this information only for the period 3d quarter 2006 through 2008.

(R. Doc. 120-3, p. 3). On November 28, 2012, Champion objected to this discovery. (R. Doc. 120-4). Based on the District Court's direction that this motion to strike evidence should be first presented to the undersigned U.S. Magistrate Judge, Champion filed the instant motion to strike. (R. Doc. 120).[2]

In the instant motion, Champion seeks an Order from the Court striking the second document production requested propounded upon Champion by Gibbens. The motion is opposed.

## II.  Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and

---

[2] For reasons stated below, discussion of the merits of Champion's particular objections is irrelevant.

3

necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B). Rule 34 provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A).

**III.    Analysis**

In support of its motion, Champion argues that when the presiding U.S. District Court Judge continued the trial, the "suggestion" was that the trial had been continued due to Gibbens' failure to adequately prepare for trial. (R. Doc. 120-2, p. 1). Champion argues that the District Court agreed

4

that allowing Gibbens to "reinvent" her litigation position at the onset of trial would be fundamentally unfair. *Id.* at 2. "[G]iven the pendency of the motion to stay, Gibbens should have sought this Court's leave to propound additional discovery rather than simply serve discovery without regard to Judge Berrigan's suggestion that "a stay of discovery may be appropriate." *Id.*

In opposition, Gibbens argues that her discovery requests were propounded pursuant to the then-effective Scheduling Order in the case, under which the parties had until April 23, 2012 to complete discovery. (R. Doc. 123, p. 1). Gibbens argues that Champion does not attack the *relevance* of her discovery requests, but "merely asks this Court to infer irrelevance on the tone of certain language in the Order." *Id.* Gibbens argues that these three straightforward discovery requests will allow her to obtain a "fresh start" on the discovery process.

Here, the presiding District Judge's October 30, 2012 Order explicitly stated that "[t]he plaintiff has been afforded a more that adequate opportunity for discovery." (R. Doc. 118, p. 3). The District Judge also stated that "[b]ecause of the inability of the plaintiff to provide a clear and consistent statement of the damages sought . . . [a]t this time, [she] will be held to the methodology and amounts set forth in that letter as the damages sought." (R. Doc. 118, p. 2). As noted above, the Judge then stated that "[a] stay of discovery is warranted unless a clear showing of good cause is established." *Id.* at 3 (emphasis in original).

The October 30, 2012 Order plainly requires that discovery may not resume except upon a showing of good cause, regardless whether the discovery was propounded within the modified deadlines. The Order also explicitly limited Gibbens to her prior damages methodology. Gibbens' three discovery requests, which pertain to, *inter alia*, "write-offs" and monthly interest calculations, clearly relate to her damages methodology, and require a showing of the same.

Although the parameters for finding "good cause" are not limited by the October 30, 2012

5

Order, the Court does not find the reasons proffered by Gibbens to be sufficiently persuasive.[3] Gibbens attempts to demonstrate "good cause" by indicating that the requests are straightforward, and that it deserves a "fresh start." At oral argument, the Court expressed a concern that if the discovery was allowed, it could result in a shift to Gibbens' calculation methodology, which was precisely what the presiding U.S. District Judge had cautioned against. Having found that Gibbens failed to demonstrate "good cause," the Court granted Champion's motion to strike, and herein converts that oral ruling into a written one.[4]

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Champion Industries, Inc.'s, ("Champion") **Motion to Strike Gibbens' Second Request for Production of Documents (R. Doc. 120)** is **GRANTED**.

New Orleans, Louisiana, this 4th day of February, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] To the extent that Gibbens could demonstrate "good cause" for conducting additional discovery related to alterations of her damages methodology, these might also be premised upon allegations stemming from an Amended Complaint. However, on January 25, 2013, the undersigned denied Gibbens' motion to amend her Complaint for failure to demonstrate "good cause" within the purview of the October 30, 2012 Order. (R. Docs. 117, 135).

[4] Champion also argues that all of the documents she requested range from 2006 to 2008, which would fall outside the prescriptive period. *Id.* at 3. In opposition, Gibbens argues that the her 2006-2008 claims have not prescribed, based on an argument that pursuant to La. Civ. Code. Ann. Art. 3495, they are not "exigable." *Id.* At oral argument, Gibbens added that this was ultimately a simple motion which involved three direct requests for production. The Court need not pass on this issue, as Gibbens did not sufficiently demonstrate "good cause" to warrant consideration of the merits of the discovery.