UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSAN GIBBENS                           CIVIL ACTION

VERSUS                                    NO. 11-868

CHAMPION INDUSTRIES, INC.          SECTION "C" (4)

## ORDER AND REASONS

This matter comes before the Court on motion to strike proposed expert, Matthew C. Person ("Person"), and his report filed by Champion Industries, Inc. ("Champion"). Rec. Doc. 133. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The previous October 9, 2012, jury trial setting was continued due to the lack of preparation, with the statement that the Court would consider a motion to stay discovery, if appropriate.[1] Rec. Doc. 101. After attempting again to have the plaintiff provide a clear statement as to the damages sought by letter, on November 30, 2012, the Court previously partially granted a motion to stay that elaborated on the reasons for

---

[1] The record also reflects that prior to the continuance, many of the defense objections to "summaries" offered into evidence by the plaintiff were sustained under Fed.R.Evid. 1006 and that the plaintiff was cautioned that she would not be able to testify as to information not in evidence. Rec. Docs. 98, 100.

the continuance, most notably the continuing revision by the plaintiff as to the damages owed and the methodology used to reach those damages. The Court limited the plaintiff to the damages set forth in a post-trial Court-ordered letter, which was made part of the order. Rec. Docs. 113, 118. More recently, the plaintiff did not appeal or object to the orders of the Magistrate Judge denying leave to file a second amended complaint and striking the plaintiff's second request for production of documents, and those orders are final for purposes of this motion. Rec. Docs. 135–36. Therefore, no new discovery has been permitted.

In this motion to strike, the defendant argues that the plaintiff's January 9, 2013, expert report by CPA Person should be struck because it reflects another change in the plaintiff's damage calculations in violation of the Court's orders. Rec. Doc. 133. In the report, Person states that he used the same "format" and methodology as used by the defense expert in his August 16, 2012 report, although he states that the plaintiff provided certain figures to him that "were randomly selected and verified by us for accuracy." *Id.* at 3. The Court does not understand fully all of the arguments made by the plaintiff in opposition, but is disturbed by her statement that the findings in Person's report "sometimes agree with the methods used in the [expert] report prepared for Defendant and also with many of the specific conclusions of that report

relating to Plaintiff's commissions" but, apparently otherwise does not, and may rely on evidence that has been deemed either inadmissible or untrustworthy or has been acquired without leave for good cause shown Rec. Doc. 137 at 3–4.

The parties seem to agree that under *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007), the Court should exercise its discretion in determining whether to exclude untimely expert testimony by considering: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. Although the plaintiff chose not to engage an expert for the previous trial, the Court finds that the plaintiff is entitled to present an expert report at trial, as she bears the burden of proof and her previous inattention to such evidence contributed to her lack of preparedness. However, her right to present expert testimony is tempered by the fact that the previous trial continuance caused the defendant to suffer prejudice, based on the record on the eve of trial without expert testimony from the plaintiff.

Therefore, to the extent that Person relies in his report on the data compiled and used by the defense experts, he will be allowed to testify. He will not be allowed to testify as to any opinion based on evidence that has been previously excluded and/or is excludable by virtue of the stay. The Court ignores the arguments in the plaintiff's

opposition that rely on the now-final orders of the Magistrate Judge regarding discovery and amendment.

Accordingly,

IT IS ORDERED that the motion to strike plaintiff's proposed expert, Matthew C. Person, and his report is PARTIALLY GRANTED and PARTIALLY DENIED. Violation of this order at trial will result in the imposition of sanctions.[2]  Rec. Doc. 133.

New Orleans, Louisiana, this 20th day of March, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT[2]

---

[2] The Court is simultaneously granting summary judgment in favor of the defendant. This order is being issued for purposes of appeal in the event the case is remanded for trial, given the ongoing problems it presents for purposes of trial preparation.